WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK, SBN 12303 (VA)
MARCIA L. MITCHELL, SBN 18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov

Attorneys for Applicant

UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No.: |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| vs. | ) ) ) | **CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION** |
| HEARTLAND EMPLOYMENT SERVICES, LLC d/b/a  MANORCARE HEALTH SERVICES –CITRUS HEIGHTS, | ) ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Baljit Kaur Bhandal who was adversely affected by such practices. Ms. Bhandal is an initiated member of the Sikh religion. As alleged below, Heartland Employment Services, LLC dba ManorCare Health Services –Citrus Heights ("Manor Care") unlawfully discriminated against Ms. Bhandal by refusing to make reasonable accommodation of her sincerely held religious belief and practice of wearing a *kirpan* (small, dull, ceremonial knife)

sheathed under her clothing at all times and by causing her constructive discharge after she chose to adhere to her religious belief rather than accede to the mandate to remove the *kirpan* at work.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the County of Sacramento in the State of California which is within the jurisdiction of the United States District Court for the Eastern District of California, Sacramento Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant ManorCare has continuously been and is now an Ohio Corporation doing business in the State of California and the City of Citrus Heights and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant Manor Care has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Baljit Kaur Bhandal filed a charge of discrimination with the Commission alleging violations of Title VII by Manor Care. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    Since at least June 2, 2006, Defendant Manor Care has engaged in unlawful practices at its Citrus Heights, California, skilled nursing facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§2000e-2(a)(1).  These practices included discriminating against Baljit Kaur Bhandal by giving her an ultimatum to remove her *kirpan* while at work or lose her job despite her request to wear the *kirpan* as an accommodation of her sincerely held religious belief and practice of wearing a *kirpan* at all times.  Baljit Kaur Bhandal was constructively discharged from her employment when she determined that she could not violate the requirements of her religion in order to keep her job.

8.    The effect of the practices complained of in paragraph 7 above has been to deprive Ms. Bhandal of equal employment opportunities and otherwise to adversely affect her status as an employee because of her religion, Sikhism.

9.    The unlawful employment practices complained of in paragraphs 7-8 above were and are intentional.

10.    The unlawful employment practices complained of in paragraphs 7-8 above were and are done with malice and/or reckless disregard for the federally protected rights of Ms. Bhandal.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

Complaint                                    - 3 -

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees of all religions and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Ms. Bhandal by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, with interest, in amounts to be determined at trial.

D.      Order Defendant to make whole Ms. Bhandal by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

E.      Order Defendant to pay Ms. Bhandal punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems proper.

G.      Award the Commission its costs in this action.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

Complaint                                      - 4 -

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, DC  20507

Dated:  February 28, 2008          /S/ William R. Tamayo
WILLIAM R. TAMAYO
Regional Attorney


Dated:  February 28, 2008          /S/ Jonathan T. Peck
JONATHAN T. PECK
Supervisory Trial Attorney


Dated:  February 28, 2008          /S/ Marcia L. Mitchell
MARCIA L. MITCHELL
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office